## JULIUS STONE'S CASE.

Suffolk.    March 23. — July 1, 1880.    AMES & LORD, JJ., absent.

The provision of the Gen. Sts. c. 124, § 8, that " no arrest shall be made after sunset, unless specially authorized by the magistrate making the certificate," does not apply to an arrest upon an execution for costs only.

SOULE, J.    The prisoner was arrested after sunset on February 7, 1880, on an execution issued against him for costs.    He was taken before a magistrate authorized to administer the oath for the relief of poor debtors, and, being interrogated, declared that he did not wish to take any oath, nor to recognize, nor to give bail.    He was thereupon committed to jail.    On February 14, he recognized with surety to deliver himself up for examination before some magistrate authorized to act, within thirty days from the day of his arrest, and was thereupon discharged from custody.    On March 2, he was surrendered by his surety, and kept in custody by the jailer.    On the same day a writ of *habeas corpus* was issued in his behalf.

The prisoner contends that his imprisonment is unlawful, because his arrest after sunset was not specially authorized by a magistrate.    His argument rests on an erroneous construction of the Gen. Sts. c. 124, § 8.    The main purpose of that chapter of the statutes is to regulate arrests on mesne process, and on executions issued for debt or damages in civil actions.    The first three sections prescribe the conditions on which defendants may be arrested on mesne process.    Section 4 relieves officers from responsibility for not making arrests when not specially required to do so.

Section 5 provides that no arrest shall be made on an execution issued for debt or damages in a civil action, except in an action of tort, unless the creditor or some one in his behalf, after execution has issued amounting to twenty dollars exclusive of all costs which make part of the judgment, and while so much as that amount remains uncollected, makes affidavit to certain charges before a magistrate, which affidavit, with the certificate of the magistrate that he is satisfied that there is reasonable cause to believe that the charges, or some one of them, are true, must be annexed to the execution.

Section 6 provides that no affidavit shall be required to authorize arrest on an execution issued for costs only, but that the debtor arrested shall be committed, unless he requires the officer to take him before a magistrate authorized to administer the poor debtor's oath, and that all other proceedings in relation to the debtor shall be in conformity with the provisions of the chapter relative to arrests on other executions.

Section 7 provides that no woman shall be arrested on any civil process, except for tort.

Section 8 is in these words: "No arrest shall be made after sunset, unless specially authorized by the magistrate making the certificate, upon satisfactory cause shown."

The provisions of this chapter of the statutes are in restraint of the general power of arrest on mesne process and on execution, and the prisoner must show that his arrest was in violation of them, in order to be entitled to a discharge from imprisonment. *Hildreth* v. *Brigham*, 12 Allen, 71. In our opinion, the eighth section of the chapter has no application to arrests on executions issued for costs only. As applied to them, the clause of the section which creates an exception to the general rule that no arrest shall be made after sunset is insensible, because the affidavit required in other cases is not required in this, and no magistrate makes any certificate. The creditor on an execution for costs only cannot bring himself within the case which the statute requires in order to the making of the affidavit and certificate. There is never due on his execution the amount of twenty dollars exclusive of costs. Nor is there any force in the suggestion that because this is so, because the certificate cannot be had, no arrest after sunset can be made on the execution for

costs. The proper deduction is that the section does not apply. If it had been the intention of the Legislature to prohibit arrests on executions for costs after sunset, the prohibition would have been clearly expressed. No provision in the whole chapter, unless it be the one now under consideration, attempts to interfere with or limit the right to arrest on an execution for costs, while § 6 expressly says that this right is not to be subject to the conditions and limitations which are imposed in the case of executions for debt and damage, and merely provides for the proceedings to be had after the arrest is made. It is not to be supposed that the Legislature intended to cut off the creditor in an execution for costs from the right to arrest his debtor after sunset, under any circumstances, in the absence of a clear enactment to that effect, while it left that right to the creditor in an execution for debt or damages, under certain conditions, and subject to the discretion of certain magistrates.

The prisoner was lawfully arrested, and the proceedings since his arrest have not been such as to entitle him to a discharge. He must therefore be                                *Remanded.*

*H. L. Harding,* for the petitioner.
*C. Q. Tirrell, contra.*